IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AYODEJI KAYODE ANIMASHAUN,            *
    Plaintiff

                           *      CIVIL ACTION NO. JKB-15-2726
v.

                           *

DIR. JACK KAVANAUGH
    Defendant                         *

                         *****

MEMORANDUM

Pending are Motions to Dismiss or, in the alternative, Motions for Summary Judgment, filed on behalf of defendant Director Jack Kavanaugh.  ECF 15 & 27.  Plaintiff Ayodeji Kayode Animashaun has responded.  ECF 17,[1] 26, 29, 31.  Defendant has replied.  ECF 30.  Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, the dispositive motions will be granted in part and denied in part.

Background

Animashaun, who is a United States Department of Homeland Security, Immigration and Customs Enforcement detainee, filed a self-represented complaint, in which he alleges that on May 29, 2014, while housed at the Howard County Detention Center awaiting removal

---

[1] Animashaun indicated he did not receive the dispositive motion. ECF 17.  Counsel for Defendant indicated that although they mailed the motion to Animashaun, they would send another copy to Animashaun and consented to an extension of time for Animashaun to respond.  ECF 19.  Animashaun subsequently indicated his receipt of same. ECF 23.

  Also pending is Animashaun's motion to appoint counsel.  ECF 22.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*. Animashaun's complaint is not unduly complex and he has demonstrated the wherewithal through prior filings to set forth his claim. As such, the motion shall be denied without prejudice.

proceedings, he was attacked by another detainee.  Animashaun indicates that the assault could have been prevented because he communicated the threat of harm to correctional staff via the in-house intercom prior to the assault.  ECF 1, p. 3.  Animashaun further states that the officer who responded to his call for help failed to alert other officers of the attack and made no attempt to protect Animashaun from harm.  *Id*. Animashaun states that "due to the negligence of the correction officer" he was assaulted by another detainee and strangled almost to the point of death.  *Id*., p. 4.  Animashaun states that the assault lasted over eight minutes and was stopped after corrections officers stumbled upon the scene while performing rounds.  Thereafter, Animashaun was kept on administrative segregation until October 1, 2014, when he was transferred to another facility.  While housed on segregation, Animashaun was prevented "from seeking legal action in his case."  *Id*.  He states that he required eye surgery as a result of the attack and that his injuries were occasioned "due to the negligence of the staff at the Howard County Detention Center."  *Id*.

Animashaun filed a supplemental complaint, after receipt of defendant's dispositive motion.  ECF 20.  In the supplemental complaint, Animashaun names "Officer Jane Doe" as the sole defendant.  He states:

> Officer Jane Doe was working the 4pm-12 midnight shift at the Howard County Detention Center on May 29, 2014.  Officer Jane Doe was informed by the Plaintiff of an imminent threat of assault via H.C.D.C. unit W.6 intercom.  Officer Jane Doe failed to alert officers to unit W.6 to protect plaintiff from the assault.  Officer Jane Doe's negligent actions caused the plaintiff to suffer a felonious assault which caused him severe injuries requiring eye surgery.

ECF 20, p. 3.

In his second supplemental complaint (ECF 24), Animashaun specifically invoked the civil rights act as the basis for his action and named Jack Kavanagh, Facility Director for the

Howard County Detention Center and Jane Doe as defendants.  ECF 24, p. 3.  In support of his

second supplemental complaint he states:

> On May 29, 2014 on unit W-6 of the H.C.D.C., under the direct supervision of the
> Facility Director Jack Kavanagh and Officer Jane Doe, plaintiff suffered severe
> injuries to his body, and mainly his eye after being the victim of a felonious
> assault.  This felonious assault was perpetrated by another detainee housed on unit
> W-6 in the H.C.D.C.  The assault which was preventable, occurred due to the
> negligence of the defendants.  The entire incident of assault was recorded on
> H.C.D.C. Unit W-6 surveillance video camera (archived H.C.D.C. video file:
> W6fight5292014).

*Id.*, p. 4.

Animashaun indicates that he advances three separate claims.  His first claim concerns the

previously raised allegations that correctional staff failed to protect him from a known risk of

harm.  *Id.*  His second claim concerns his assignment for five months to administrative

segregation after the assault where he states he was locked in a cell for 22 hours each day.  *Id.*, pp.

5-6.  Lastly, Animashaun claims that after he was transferred from the HCDC to a facility in New

York, he was advised that the injury to his eye required surgical repair.  *Id.*, p. 6.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once

as a matter of course within 21 days after serving it, or if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F.R. Civ. P. 15(a)(1).  "In

all other cases, a party may amend its pleading only with the opposing party's written consent or

the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 dictates that "[t]he court should freely give

leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although Animashaun did not seek

leave to amend his complaint, leave is to be generously granted and defendant has not opposed

the amendments.

Defendant maintains that the case must be dismissed as Animashaun fails to state a civil rights claim, alleging nothing more than a common law negligence claim.  ECF 15-1, p. 5l; ECF 27-1.  Defendant further indicates that Animashaun failed to comply with the Local Government Tort Claims Act and therefore cannot maintain a negligence claim.  ECF 15-2.  Moreover, defendant argues that Animashaun has failed to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.  *Id.*

Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b) (6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 562.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir.  2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Defendant contends that Animashaun has failed to comply with the Local Government Tort Claims Act and has otherwise failed to establish this court's jurisdiction. The court does not read Animashaun's complaint so narrowly. The Local Government Tort Claims Act provides in relevant part at section 5-304(a) that "[a]n action for unliquidated damages may not be brought

against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury."  Md. Code Ann., Cts. & Jud. Proc. § 2-304(b)(1). Consequently, Animashaun's stated claims for assault, tort, or other state constitutional claims under the purview of the Local Government Tort Claim Act are subject to dismissal. Animashaun's constitutional claims brought as civil rights claims pursuant to 42 U.S.C. § 1983 shall proceed as discussed below.

The rights of detainees are protected under Due Process Clause of the 14th Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983); *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988); *Hill v. Nicodemus*, 979 F.2d 987, 999 (4th Cir. 1980).  Detainees enjoy at least the same protections under the Fourteenth Amendment as convicted inmates have under the Eighth Amendment.  *See City of Revere*, 463 U.S. at 244.

In order to prevail on an Eighth Amendment claim of failure to protect from violence, a plaintiff must establish that defendant exhibited deliberate or callous indifference to a specific known risk of harm.  *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted).

Additionally, those confined have a liberty interest in avoiding confinement conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wilkinson v. Austin*, 545 U.S. 209 (2005). Whether confinement conditions are atypical and substantially harsh "in relation to the ordinary incidents of prison life" is a "necessarily . . . fact specific" comparative exercise. *Beverati v. Smith*, 120 F.3d 500, 502, 503 (4th Cir. 1997); *accord Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("There is no single standard for determining whether a prison hardship is atypical and significant, and the condition or combination of conditions or factors . . . requires case by case, fact by fact consideration." (alteration in original) (internal quotation marks omitted)).

Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court construes Animashaun's complaint as being brought under the civil rights statute, 42 U.S.C. § 1983. He has adequately stated a civil rights claim in regard to his claim that "Jane Doe" failed to protect him from a known risk of harm and in regard to his assignment to segregation for months after the assault upon him. Those claims shall proceed for a substantive response from defendant.

To the extent Animashaun seeks to bring a claim regarding denial of medical care, that claim shall not proceed as Animashaun has failed to allege that employees at the HCDC failed to provide constitutionally adequate medical care. Rather, he has simply claimed that the assault caused him injury which required additional care once transferred to New York.

In light of the foregoing and given Animashaun's pro se status as well as his current detention in Florida,[3] defendant shall be required to provide Animashaun the duty roster for the HCDC for the 4 pm-12 midnight shift on May 29, 2014, so that Animashaun may identify the appropriate parties to this case. Animashaun shall file an amended complaint within twenty-one

---

[3] *See* ECF 32.

days of receipt of the duty roster naming the appropriate correctional officials he claims failed to protect him from harm and/or who were responsible for his assignment to segregation.

Conclusion

For the reasons stated, defendant's dispositive motions shall be granted in part and denied in part as herein stated.  Animashaun's motion for appointment of counsel shall be denied without prejudice.  Defendant shall provide Animashaun the duty roster for the HCDC for the 4 pm-12 midnight shift on May 29, 2014.  Animashaun shall file an amended complaint within twenty-one days of receipt of the duty roster naming the appropriate correctional officials as defendants.   A separate Order shall be entered in accordance with this Memorandum.

Date:  June 8, 2016                                  _____/s/_____
                                                                      James K. Bredar
                                                                      United States District Judge