## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AYODEJI KAYODE ANIMASHAUN, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-2726 |
| JACK KAVANAGH, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## <u>MEMORANDUM</u>

Pending are a motion for summary judgment filed by plaintiff Ayodeji Kayode Animashaun (ECF 38), a response in opposition thereto and cross-motion for summary judgment filed by defendants Jack Kavanagh, Edward Scott, and Kenyeta Small (ECF 40), as well as plaintiff's motion to appoint counsel.  ECF 41.  Plaintiff was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that failure to file a response in opposition to the motions filed by defendants could result in dismissal of the complaint.  ECF 43.  Plaintiff has filed nothing in opposition.  The court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons that follow, plaintiff's motions for summary judgment and appointment of counsel shall be denied.[1] Defendants' motion for summary judgment shall be granted.

---

[1] A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances.    *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*.  Upon careful consideration of the motions and previous filings by plaintiff , the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.   The issues pending before the court are not unduly complicated.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1).

## Background

As previously stated by this court in ruling upon defendants' motion to dismiss:

Animashaun, who is a United States Department of Homeland Security, Immigration and Customs Enforcement detainee, filed a self-represented complaint, in which he alleges that on May 29, 2014, while housed at the Howard County Detention Center awaiting removal proceedings, he was attacked by another detainee.  Animashaun indicates that the assault could have been prevented because he communicated the threat of harm to correctional staff via the in-house intercom prior to the assault.  ECF 1, p. 3.  Animashaun further states that the officer who responded to his call for help failed to alert other officers of the attack and made no attempt to protect Animashaun from harm.  *Id*. Animashaun states that "due to the negligence of the correction officer" he was assaulted by another detainee and strangled almost to the point of death.  *Id*., p. 4 Animashaun states that the assault lasted over eight minutes and was stopped after corrections officers stumbled upon the scene while performing rounds.  Thereafter Animashaun was kept on administrative segregation until October 1, 2014, when he was transferred to another facility. While housed on segregation, Animashaun was prevented "from seeking legal action in his case." *Id*. He states that he required eye surgery as a result of the attack and that his injuries were occasioned "due to the negligence of the staff at the Howard County Detention Center."  *Id*.

Animashaun filed a supplemental complaint, after receipt of defendant's dispositive motion.  ECF 20.  In the supplemental complaint, Animashaun names "Officer Jane Doe" as the sole defendant.  He states:

> Officer Jane Doe was working the 4pm-12 midnight shift at the Howard County Detention Center on May 29, 2014.  Officer Jane Doe was informed by the Plaintiff of an imminent threat of assault via H.C.D.C. unit W.6 intercom.  Officer Jane Doe failed to alert officer to unit W.6 to protect plaintiff from the assault.  Officer Jane Doe's negligent actions caused the plaintiff to suffer a felonious assault which caused him severe injuries requiring eye surgery.

ECF 20, p. 3.

In his second supplemental complaint (ECF 24), Animashaun specifically invoked the civil rights act as the basis for his action and named Jack Kavanagh, Facility Director for the Howard County Detention Center and Jane Doe as defendants. ECF 24, p. 3.  In support of his second supplemental complaint he states:

> On May 29, 2014 on unit W-6 of the H.C.D.C., under the direct supervision of the Facility Director Jack Kavanagh and Officer

> Jane Doe, plaintiff suffered severe injuries to his body, and mainly
> his eye after being the victim of a felonious assault.  This felonious
> assault was perpetrated by another detainee housed on unit W-6 in
> the H.C.D.C.  The assault was preventable, occurred due to the
> negligence of the defendants.  The entire incident of assault was
> recorded on H.C.D.C. Unit W-6 surveillance video camera
> (archived H.C.D.C. video file:  W6fight5292014).

*Id.*, p. 4

> Animashaun indicates that he advances three separate claims.  His first claim
> concerns the previously raised allegations that correctional staff failed to protect
> him from a known risk of harm.  *Id.*  His second claim concerns his assignment
> for five months to administrative segregation after the assault where he states he
> was locked in a cell for 22 hours each day.  *Id.*, pp. 5-6.  Lastly, Animashaun
> claims that after he was transferred from the HCDC to a facility in New York, he
> was advised that the injury to his eye required surgical repair.  *Id.*, p. 6.

ECF 33.

In light of the foregoing, defendants were directed to provide plaintiff the duty roster for the date of the incident so that he could identify the appropriate parties to this case.  ECF 33 & 34.  Additionally, the court dismissed plaintiff's claims regarding denial of medical care and any state tort claims.  Plaintiff's civil rights claims regarding failure to protect and his assignment to segregation were permitted to proceed.  ECF 33.

Plaintiff filed an amended complaint (ECF 36) naming Chief E. Scott and Officer K. Small as additional defendants.  ECF 36.  The Clerk shall amend the docket accordingly.

Defendants do not deny that plaintiff was spontaneously assaulted by fellow inmate Andrew Davies.  On May 29, 2014, at approximately 6:05 p.m., plaintiff used an intercom callbox in the Dayroom to alert the Detention Center's Main Control Unit that Davies had urinated in his cell and was threatening to "beat [him] up."  ECF 36, pp. 5-6.  At that time Kenyeta Small was working in the Main Control Unit.  ECF 40-3, ¶¶ 3-4 (Small Affidavit); *see also* ECF 40-3, p. 3 (Incident report).

Small avers that the call was largely inaudible and she believed that plaintiff was reporting a "spill on the floor."  ECF 40-3, ¶ 4.  Small directed two correctional officers to the dayroom advising them that she had received a call via the intercom that she could not understand.  *Id*., ¶ 5; ECF 40-3, p. 2.  Officers responded to the dayroom and found plaintiff on the floor.  ECF 36, p. 6.

After the altercation, plaintiff was placed on the administrative segregation unit for his safety.  ECF 40-2, ¶ 4.  While assigned to administrative segregation, plaintiff was permitted to watch television, interact with other inmates, receive religious counseling, receive recreation for one hour per day, and request materials from the law library.  *Id*., ¶ 5; *see also* ECF 41-2, pp. 3-15 (Howard County Department of Corrections Policy & Procedure, P&P, #D-306, Regarding Inmate Segregation, § IV Conditions of Segregation provides, *inter alia* § B(1) Recreation ("Each inmate shall have a daily recreation period...[which] shall be one(1) hour per day, seven (7) days per week....ICE detainees shall receive one hour of outdoor recreation...."); § D "Administrative Segregation inmates shall receive regular commissary..."; § H  "Mail and visiting privileges shall be the same as for general population...."" § I  "Inmates shall have access to the Chaplain and counseling staff...."; § N "Inmates on segregation may request legal reference material and allowable soft cover books through written request to the librarian.") Plaintiff was released to the general prison population on September 23, 2014.  ECF 40-2, ¶ 7.

### Standard of Review

Summary judgment is governed by Federal Rule of Civil Procedure 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

4

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"   *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). Because plaintiff is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus,

"the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

### Analysis

A.      Pretrial detention

The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).   "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pretrial detainee because due process proscribes punishment of detainee before proper adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).   "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538-40).

B.      Failure to Protect

Plaintiff alleges that correctional defendants were deliberately indifferent in failing to provide adequate supervision and security to protect him and as such his right to be free from cruel and unusual punishment has been violated.  The right to be free from cruel and unusual punishment includes the right to be protected from a substantial risk of serious harm at the hands of other inmates.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Makdessi v. Fields*, 789 F.3d 126 (4th Cir. 2015);  *Winfield v. Bass*, 106 F.3d 525, 531 (4th Cir. 1997); *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

"The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials."  *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer*, 511 U.S. at 832).   Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and . . . 'reasonable measures to guarantee the safety of the inmates.'"  *Id*.  "[N]ot every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victims safety."  *Makdessi*, 789 F.3d at 133.  A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established.  *See Raynor*, 817 F.3d at 127.

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk to either injury.  *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014).  The objective inquiry requires this Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."

*Helling v. McKinney*, 509 U.S. 25, 36 (1993).  A genuine dispute of fact regarding the extent of the injury suffered precludes summary judgment.  *Raynor*, 817 F.3d at 128.

Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834.  Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn.  *Id*. at 837.  A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways, including inference from circumstantial evidence'" so that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"  *Raynor*, 817 F.3d at 128.

Actual knowledge of a substantial risk does not alone impose liability.  Where prison officials responded reasonably to a risk, they may be found free of liability.  *Farmer*, 511 U.S. at 844.  "In failure to protect cases, prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."  *Raynor*, 817 F.3d at 128 (internal quotation marks omitted) (quoting *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)).  Failure to take any action in an ongoing assault, however, can amount to deliberate indifference.  *See Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997).

Plaintiff's assertion that defendants failed to act to end the attack upon him is without substantiation and is directly refuted by Small's declaration.  Here the parties do not dispute that plaintiff called over the intercom to report a disturbance. Small avers, however, that she could not understand what plaintiff said. Nevertheless, and contrary to plaintiff's allegation, Small

immediately called for correctional staff to go to the dayroom to investigate.  When they arrived, they found that plaintiff had been assaulted.  There is nothing in the record to indicate that any of the named defendants were aware that Davies posed a risk of harm to plaintiff.  When Davies spontaneously attacked plaintiff, Small, without even knowing that an attack was ongoing, directed officers to the dayroom based solely on the inaudible call from plaintiff.  Given the information provided to Small, she and other correctional staff  acted reasonably in responding to the sudden and unprovoked attack on plaintiff.  Defendants are therefore entitled to summary judgment on this claim.

B.      Administrative Segregation

Under the Fourteenth Amendment, a pretrial detainee, yet to be adjudicated for a crime "may not be subject to any form of punishment."  *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *City of Revere v. Mass. Gen. Hosp*. 463 U.S. 239, 244 (1983)).  In determining whether a condition imposed upon a pretrial detainee constitutes punishment, a court must determine whether the condition was (1) imposed with an expressed intent to punish or (2) there is no reasonably related, legitimate, non-punitive, governmental objective, "in which case an intent to punish may be inferred."  *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 538-40 (1979)).

Limitations of various freedoms and privileges are part of the general level of discomfort to be expected while in custody.  *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998).  In determining whether the condition constitutes punishment, plaintiff must demonstrate some injury.  *Westmoreland v. Brown*, 883 F. Supp. 67, 76 (E.D. Va. 1995) ("a particular condition constitutes punishment only where it causes physical or mental injury" (emphasis omitted)).

Nothing in the record supports a conclusion that plaintiff's placement on administrative segregation constituted punishment.  There is no evidence that he suffered physical or mental

injury by being placed in administrative segregation.  Nor is there any indication that defendants were aware that placing plaintiff on administrative segregation posed a risk of harm.  Lastly, plaintiff has not demonstrated that his placement on administrative segregation was with the express intent to punish.  *Martin*, 849 F.2d at 870.

To the contrary, defendants indicate that plaintiff was placed on administrative segregation after the assault as a matter of safety.  Plaintiff has failed to refute that his placement on administrative segregation was not rationally related to a legitimate governmental objective. "An action may be reasonably related to a legitimate governmental purpose if 'an alternative purpose to which the act may rationally be connected is assignable for it' and the action does not appear 'excessive in relation to the alternative purpose assigned.'"  *Robles v. Prince George's Cty., Md.*, 302 F.3d 262, 2169 (4th Cir. 2002) ((alteration in original) (quoting *Bell*, 441 U.S. at 538).

Plaintiff was placed in administrative segregation for his own safety.  This placement was rationally related to the legitimate governmental objective of maintaining security and order. *Bell*, 441 U.S at 540 n.23; *see also Phomphackdi v. Spartanburg Cty.*, 2007 U.S. Dist. LEXIS 19895, at *14 (D.S.C. 2007) (holding plaintiff's eight month stay in administrative segregation "is not a violation of his due process rights" because he "was segregated pursuant to a legitimate government interest, protecting his and the other inmates' well being"); *see, e.g.*, *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) ("prison officials have a legitimate penological interest in administrative segregation, and they must be given 'wide ranging deference'" with respect to their need to maintain order, discipline, and institutional security). As such, no intent to punish can be inferred from the conduct of defendants, and they are entitled to summary judgment.

C.      Supervisory Liability

As to plaintiff's claims against Jack Kavanagh, director of the Howard County Detention Center, and Chief Edward Scott, it is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983).  Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Where, as here, a plaintiff points to no action or inaction on the part of supervisory defendants that resulted in a constitutional injury, the claims against supervisory personnel must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is denied. Defendants' motions for summary judgment will be GRANTED and judgment will be ENTERED in favor of defendants and against plaintiff.  A separate Order follows.

February 8, 2017                         _____/s/_____
Date                                     James K. Bredar
                                         United States District Judge